UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NORBERTO RIVERA, | : | |
| Plaintiff, | : | PRISONER CASE NO. |
| | : | 3:13-CV-653(JCH) |
| v. | : | |
| | : | |
| PETER MURPHY, et. al., | : | JUNE 27, 2014 |
| Defendants. | : | |

**RULING RE: DEFENDANTS' MOTION TO DISMISS (Doc. No. 21)**

On May 15, 2013, the court dismissed the Complaint and granted plaintiff Norberto Rivera ('Rivera") leave to amend his complaint to state an equal protection claim. When Rivera filed his First Amended Complaint, the Court concluded that limited discovery was warranted to enable him to file a class of one equal protection claim, ordered the defendants to produce records of the Extended Family Visitation Program at MacDougall-Walker Correctional Institution, and afforded Rivera the opportunity to file a Second Amended Complaint. The defendants now move to dismiss the Second Amended Complaint for failure to state a cognizable equal protection claim. For the reasons that follow, the defendants' Motion is **GRANTED**.

**I.    STANDARD OF REVIEW**

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003). The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to

support his claim. See York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.), cert. denied, 537 U.S. 1089 (2002).

In reviewing the complaint in response to a motion to dismiss, the court applies "a 'plausibility standard,' which is guided by two working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, the requirement that the court accept as true the allegations in the complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief. Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679). Even under this standard, however, the court liberally construes a pro se complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Boykin v. KeyCorp, 521 F.3d 202, 213-14, 216 (2d Cir. 2008).

## II.   FACTS[1]

Rivera participated in the Extended Family Visitation Program from 1991 until he received a disciplinary report in 2008. In August 2009, the rules regarding the Extended Family Visitation Program were changed to require that a child under the age of

---

[1] Rivera does not include a statement of facts in his second amended complaint. Instead, he presents conclusory statements and legal argument. The facts are taken from the court's Initial Review Order (Doc. No. 5).

eighteen participate in each visit.  In November 2009, Rivera sought readmission to the program.  He was told that he did not meet the new requirements because he did not have a child under the age of eighteen.

## III.   DISCUSSION

The defendants move to dismiss the Second Amended Complaint on the ground that Rivera failed to allege facts supporting a cognizable equal protection claim.  Rivera's response was due on June 12, 2014.  Despite notice to Rivera of his obligation to respond and the consequences of failing to do so, see Notice to Pro Se Litigant Opposing Motion to Dismiss (Doc. No. 21-2), he has neither submitted a memorandum in opposition to the motion nor sought additional time within which to do so.

In the Initial Review Order directed to the original complaint, the court dismissed Rivera's due process claim because, unlike some other states, Connecticut has not created a protected liberty interest in visitation.  In his Second Amended Complaint, Rivera reasserts his due process claim and refers the court to cases finding a protected liberty interest in visitation under New York law.  Those cases are based on a consent decree entered in a New York case and, therefore, apply only to inmates confined in New York.  See, e.g., Dawes v. State of New York, 194 Misc. 2d 617, 618 (2003) (quoting Kozlowski v. Coughlin, 871 F.2d 241, 242 (2d Cir. 1989)).  The cases provide no support for the existence of a protected liberty interest under Connecticut law.  Thus, Rivera's attempt to revive his due process claim fails.

As the court previously informed Rivera, to state a valid equal protection "class of one" claim, he must allege (1) that he has been intentionally treated differently from

others similarly situated, and (2) that there is no rational basis for the difference in treatment.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Rivera must allege an "extremely high" level of similarity with the person to whom he is comparing himself.  Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005) overruled on other grounds Appel v. Spiridon, 531 F.3d 138, 139 (2d Cir. 2008).  The plaintiff's circumstances must be "prima facie identical" to that of the other person.  Id. at 105.  In this case, Rivera must identify an inmate returning to MacDougall Correctional Institution who was re-admitted to the Extended Family Visitation Program without having a child under eighteen years of age.

In his First Amended Complaint, Rivera alleged that he had a friend in the institution who participated in the program but had never had a child and provided documentation indicating that inmates participating in the program prior to the policy change were allowed to continue even though they did not have a child.  Indeed, he was one of those inmates for several years.  Rivera did not, however, identify any inmate who was removed from the program and then re-admitted after the policy change without having a child under eighteen years of age.  In light of Rivera's failure to identify his friend by name and provide specific facts regarding his friend's admission to the program, the court ordered the defendants to provide Rivera with records of all inmates at MacDougall Correctional Institution participating in the Extended Family Visitation Program.  After receiving the records, Rivera filed a Second Amended Complaint.

Rivera attached the record provided by the defendants to his Second Amended Complaint. The document shows that every inmate admitted to the Extended Family Visitation Program after 2009 had a child under the age of eighteen. Thus, Rivera has failed to identify a similarly situated inmate to support his equal protection claim.

Rivera argues in his First Amended Complaint that the Extended Family Visitation Program is available in other correctional facilities, and there may be an inmate in some other facility who was admitted to the program without having a child under the age of eighteen. Such speculation is insufficient to permit this case to proceed. See Ciresi v. Citicorp, 782 F. Supp. 819, 822 (S.D.N.Y. 1991) (dismissing complaint containing only conclusory statements and noting "it would not be appropriate to allow the complaint to stand so that the plaintiff might conduct a fishing expedition to see if there is a smoking gun"). The court allowed limited discovery, based on Rivera's representation that he had a friend at MacDougall-Walker Correctional Institution who was allowed admission to the program without having a child. This allegation proved unfounded.

## IV.   CONCLUSION

As Rivera fails to allege facts to support an equal protection claim, the defendants' Motion to Dismiss (Doc. No. 21) is **GRANTED**. The Second Amended Complaint is dismissed, and the Clerk is directed to enter judgment and close this case.

**SO ORDERED**.

Dated this 27th day of June 2014, at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge